LAWRENCE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

BUILDING CONTRACT—CONSTRUCTION — DECISION OF ENGINEER — CONCLUSIVE-
NESS.

Plaintiff's assignors contracted with the department of public works to do certain work which provided both for cut stone masonry and general stone masonry. For the latter, material was to be taken from an existing arch, and used in the new masonry, and the contractors were to receive $2 a cubic yard; for the former they were to supply the materials, and receive $40 a cubic yard. The old stone proving unavailable, a difference arose between the parties, but finally the department procured and furnished other stone, which was used by the contractors in lieu of the old stone, without expense to the latter. The contract provided that, to prevent disputes, the engineer should determine all questions relative to the execution of the contract, and that his decision should be final and conclusive. The contractors claimed the work done with the stone supplied to them to be cut stone masonry, at the $40 rate, and the engineer decided against them. *Held*, that under the circumstances his determination was conclusive.

Appeal from trial term, New York county.

Action by James V. Lawrence, as surviving partner of the firm of Lawrence Bros., against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph F. Daly, for appellant.
Chase Mellen, for respondent.

PATTERSON, J. The subject of inquiry in this case is whether the plaintiff's assignors were entitled to be paid, under the contract set forth in the complaint, for 727 cubic yards of cut stone masonry, or only for 64 cubic yards thereof. On a construction of all the material parts of the contract relating to that subject, the court below held that the plaintiff could recover only for the 64 cubic yards. The contract was entered into between the plaintiff's assignors and the department of public works of the city of New York, and related to the building of an arch in connection

with the Croton Aqueduct across an avenue in the city of Yonkers. The contractors were to be paid certain prices, according to the quantity and quality of the work done. They were to furnish the material, but part of that material, it was contemplated, should be taken from an existing arch, and used in the new structure. The contract provided for cut stone masonry and for general stone masonry. For the former, the contractor was to be paid $40 per cubic yard, and for the latter only $2 a cubic yard. It appears that during the progress of the work it was ascertained that the stone in the old arch would not answer the purpose for which it was required, and thereupon a question arose with relation to new stone, which might fall within the description of cut stone, being supplied by the contractors. That this was a subject of discussion is plain, and the contractors were notified by the engineer of the department of public works that an order would not be given to them to supply that stone, because it would involve too large an expenditure of money. While this difference between the parties was pending, the department of public works bought from a quarryman a sufficient quantity of stone for the new arch to take the place of what was originally intended to be used from the old arch. The plaintiff's assignors neither paid for that stone nor for its transportation, but the department of public works delivered it at the work, and the contractors used it. The contractors now claim to be paid for it at the rate of $40 a cubic yard. That there was some difference between the parties with respect to the stone was shown. It was one of the terms of the contract that, in case of any dispute concerning its terms or concerning performance, the decision of the engineer should be final and conclusive. There is no question of fraud or of arbitrary interference involved. Clause B annexed to the contract distinctly provided that, to prevent all disputes and litigations, it was further agreed by all and between the parties to the contract that the engineer should in all cases determine the amount or the quantity of the several kinds of work which were to be paid for under the contract, and should determine all questions in relation to the work, and the construction thereof, and in all cases decide every question which might arise relative to the execution of the contract on the part of the contractor, and his estimate and decision should be final and conclusive; and such estimate and decision, in case any question should arise, should be a condition precedent to the right of the party of the second part to receive any money under the agreement. The engineer's determination, under the existing circumstances, that only 64 cubic yards of cut stone masonry were to be paid for is conclusive, under the terms of the contract. The plaintiff's assignors received the stone from the city without expense, precisely as they would have taken the stone from the old arch, and used it in substitution for the sold stone. If they had declined to use the stone, a different question would be presented, but they accepted that which the city supplied, without objection, and there is no legal reason, and certainly no equitable one, why they should recover the large sum they demand against the city on account of

the substitution of the one stone for the other, accepted by them, and used by them in the work, apparently without protest.

The judgment appealed from, we think, was right, and should be affirmed, with costs. All concur.